IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHEILA MICHAEL | * |
| | * |
| v. | *   Civil No. JKS-09-2575 |
| | * |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Sheila Michael brought this action pursuant to 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). Both parties' motions for summary judgment and Michael's alternative motion for remand are ready for resolution and no hearing is deemed necessary. See Local Rule 105.6. For the reasons set forth below, Michael's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

**I. Background**.

Michael applied for DIB on September 27, 2006, alleging an onset of disability on February 4, 1999. (R. 102). Her applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 12 and 15, 2009, at which Michael was represented by counsel. On March 18, 2009, the ALJ found that Michael was not disabled within the meaning of the Act, (R. 9), and the Appeals Council denied her request for review. (R. 1). Thus, the ALJ's determination became the Commissioner's final decision.

**2. ALJ's Decision**.

The ALJ evaluated Michael's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Michael has not engaged in substantial gainful activity since her alleged onset date. (R. 11). At step two, the ALJ concluded that Michael suffers from the severe impairments of depression and anxiety. (R. 12). At step three, the ALJ determined that Michael's impairments or combination of impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13). At step four, the ALJ evaluated Michael's residual functional capacity (RFC) and found that Michael is capable of performing a full range of work with certain nonexertional limitations. (R. 15). Once determining that Michael was unable to return to her past relevant work as a truck driver, the ALJ found at step five, based on testimony from a vocational expert (VE), that as of her date last insured, jobs existed in significant numbers in the national economy that Michael could perform. (R. 19). As a result, the ALJ determined that Michael was not disabled within the meaning of the Act. (R. 20).

**3. Standard of Review**.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence

that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion**.

Michael poses four allegations of error. First, she claims that the ALJ erroneously evaluated her subjective complaints. She also claims that the ALJ erred by not seeking testimony from a medical advisor, erred by relying on the VE's testimony, and failed to properly develop the administrative record.

    A. Analysis of Subjective Complaints.

Michael claims that the ALJ erroneously evaluated her assertions regarding the intensity, persistence, and limiting effects of her psychiatric symptoms by requiring that they by supported by objective findings. The ALJ must follow a two-step process for evaluating whether a person is disabled by subjective symptoms. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by

solely objective medical evidence. SSR 96-7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* The ALJ's opinion should be given great weight upon review because he has had the opportunity to observe the demeanor and to determine the credibility of the claimant. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

In the instant case, the ALJ determined that while Michael's medically determinable impairments satisfied the threshold inquiry of whether they could reasonably be expected to produce the symptoms alleged, her allegations regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (R. 18). While Michael is correct that she is not required to demonstrate the effects of her symptoms through objective findings, medical evidence and other objective evidence are nevertheless a crucial evaluation tool. *Hines v. Barnhart*, 453 F.3d 559, 565, n.3 (4th Cir. 2006). Michael's testimony regarding her psychiatric symptoms was limited, and thus the ALJ also considered the allegations she set forth in her disability report: inability to get out of bed at times and tightness of her muscles. (R. 124). The ALJ properly considered the fact that these claims were inconsistent with the medical records, which generally indicated that Michael's symptoms were moderate and were helped by anti-anxiety medication. (R. 559-62). The ALJ also understood that absent objective support for the alleged symptoms, their credibility was to be determined based on a consideration of the entire record. (R. 16). The ALJ's determination that Michael's self-reported limitations are not entirely credible is supported by substantial evidence and thus must be affirmed.

B. Failure to Call a Medical Advisor.

Michael contends that because there was no evidence as to the date on which her condition became disabling, the ALJ was required to consult a medical advisor to determine her onset date. However, as the Commissioner correctly notes, the ALJ did not determine an onset date because he found that Michael was not disabled, and thus there was no occasion to consult a medical advisor.

C. VE Testimony.

Michael alleges that the hypothetical question presented to the VE did not include all of her impairments. Specifically, she claims that the question submitted on the first hearing day failed to include her moderately limited ability to interact with the general public, and the question submitted on the second day failed to include her moderately limited ability to respond to changes in the work setting.

The ALJ's hypothetical question to the VE must include all of the claimant's impairments. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989). The question, however, must include only those limitations that the ALJ deems credible. *See English v. Shalala,* 10 F.3d 1080, 1085 (4th Cir. 1993). Here, the ALJ accepted the VE's testimony from the second hearing day, finding that Michael could perform the requirements of stock clerk, inspector, and grader/sorter. (R. 19, *see* R. 44-45). In presenting the hypothetical to the VE on the second day, the ALJ first reminded the VE of the hypothetical posed on the first day and then added additional limitations on concentration, persistence and pace, and the ability to interact with other people. Thus, the VE's testimony on the second day included all of Michael's limitations, and provided a proper basis for the finding that jobs existed which Michael could perform.

D. ALJ's Development of the Record.

A claimant bears the primary responsibility for presenting evidence that establishes her disability. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. § 404.1512(a), (c). However, the ALJ also has a duty to ensure that the record is fully and fairly developed prior to making a determination regarding the individual's disability. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is somewhat relaxed when, as here, the claimant is represented by counsel. In such a case, the ALJ ordinarily is entitled to rely on counsel to structure and adequately explore the claims. *Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997).

When the ALJ questioned Michael about her mental health treatment up through her date last insured, she responded "I couldn't tell you, whatever the military record states." (R. 34). Upon further questioning by the ALJ, she stated that she experienced flashbacks and panicking. (R. 35). She was also asked by her counsel to describe "all the reasons why you feel you cannot work." (R. 42).

Where the ALJ has questioned the claimant about the relevant issues and reviewed the medical records in detail, he has satisfied his duty to assist the claimant in developing the record. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1986). The ALJ discharged this duty here by questioning Michael about her mental health history, allowing counsel to question her, and reviewing the treatment records and the claims she made prior to the hearing.

**5. Conclusion**.

    For the foregoing reasons, Michael's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: September 26, 2011                              /S/
                                              JILLYN K. SCHULZE
                                              United States Magistrate Judge